# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL K. HOWARD, | CV F   06   1829 AWI LJO P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING TEMPORARY RESTRAINING ORDER (Doc. 3-1) |
| v. | |
| SPEARMAN, et. al., | ORDER GRANTING LEAVE TO AMEND COMPLAINT (Doc. 3-2.) |
| Defendants. | ORDER DIRECTING CLERK TO SEND PLAINTIFF BLANK FORM |

  Daryl K. Howard  ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

  On December 19, 2006, Plaintiff submitted a Motion for Injunctive Relief to the U.S. District Court for the Eastern District of California, Sacramento Division.  However, Plaintiff did not file a Complaint.   The Court opened the case with the Motion for Injunctive Relief and transferred it to the Fresno Division on December 19, 2006.

  On January 3, 2007, Plaintiff submitted a second Motion for Temporary Injunction and Request to Amend.  In this Motion, Plaintiff requests that the Court issue an Injunction compelling the Defendants to "restore" Plaintiff's legal property.

  "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be

granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted).  The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id.  Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id.  At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

A federal court is a court of limited jurisdiction.  Because of this limited jurisdiction, as a threshold and preliminary matter the court must have before it for consideration a "case" or "controversy." Flast v. Cohen, 392 U.S. 83, 88 (1968).  If the court does not have a "case" or "controversy" before it, it has no power to hear the matter in question. Rivera v. Freeman, 469 F. 2d 1159, 1162-63 (9th Cir. 1972).

At this juncture, Plaintiff has not stated any cognizable claims for relief in this action as the Court has yet to screen the pleadings filed by Plaintiff.  As stated above, the only thing on file is an initial Motion for Injunctive Relief that also alleges that Plaintiff's legal property was confiscated while Plaintiff was confined at Lancaster State Prison in December 2005. (Complaint at 2.)   However, this is insufficient to provide the Court with sufficient information so as to screen the Complaint.  As the Court has yet to determine whether Plaintiff alleges cognizable claims, he is not entitled to any type of preliminary injunction.

The Court notes further that Plaintiff's allegations do not provide sufficient information to allow the Court to make a determination that the action alleges cognizable claims for relief. Thus, the Court will GRANT Plaintiff's Request to Amend and send Plaintiff a blank civil rights

form to complete and return to the Court.  Plaintiff should be brief and only provide those facts that support a constitutional claim for relief.  Plaintiff should also refrain from submitting evidence in support of his allegations as to do so would be premature.

      Accordingly, the Court HEREBY ORDERS:

1. The Court RECOMMENDS that Plaintiff's Motion for Preliminary Injunctive relief filed on January 3, 2007, be DENIED, without prejudice.

2. These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **THIRTY (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3. Plaintiff's Request to Amend is GRANTED and Plaintiff SHALL file an Amended Complaint within THIRTY (30) days of the date of service of this Order;

4. The Clerk of Court is DIRECTED to send Plaintiff a blank Civil Rights form.

IT IS SO ORDERED.

**Dated:   January 9, 2007**          /s/ Sandra M. Snyder
icido3                       UNITED STATES MAGISTRATE JUDGE