IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARYL K. HOWARD,

       Plaintiff,                       1:06-cv-1829 ALA P

      vs.

M.E. SPEARMAN, et al.,

       Defendants.            <u>ORDER</u>

_____/

Plaintiff Daryl Howard is a state prisoner proceeding pro se in this civil rights actions pursuant to 42 U.S.C. § 1983.  On February 27, 2007, plaintiff filed a first amended complaint. Review of that complaint finds that defendants are employees of a governmental entity.

**I**

Pursuant to 28 U.S.C. § 1915A(a), when the litigant is a prisoner, the court must screen complaints brought against a governmental entity or officer or employee of a governmental entity.  The court must dismiss the complaint if the claims contained in it, even when read broadly, are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or seek money damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(A)(b).  A claim "is frivolous [if] it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "At this stage of the litigation, [this court] must accept

[plaintiff's] allegations as true." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.*

"To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cr. 2006). The court has reviewed plaintiff's February 27, 2007, first amended complaint and finds that it states a colorable claim for relief against defendants Nelson, Griffith, Walton, Catlin, Beltran, Rowe, Ayers, Grannis and Wright pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) as to the violation of plaintiff's rights under the First and Fourteenth Amendments to access to the courts.

## II

However, plaintiff's complaint does not state a colorable claim for relief against defendants Spearman, Mattingly, McCoy, Foreman or J. Griffith.

Plaintiff alleges that defendants Spearman, Mattingly, McCoy, Foreman and J. Griffith violated plaintiff's right to be free from cruel and unusual punishment. Specifically, plaintiff alleges that these defendants placed plaintiff on "management status" which means that "all in cell state issued property and personal and legal property items [are] removed with the exception of (1) pair of boxers, (1) t-shirt, (1) pair of socks, (1) mattress, at the discretion of defendant Spearman, and (1) blanket." First Amended Complaint at 22.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). To sustain an Eighth Amendment claim, the plaintiff must prove a denial of "the minimal civilized measure of life's necessities." *Id*. Prison officials have a duty under the Eighth Amendment to make certain that inmates receive adequate food, clothing, shelter, and medical care. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Keenan v. Hall*,

1  83 F.3d 1083, 1089 (9th Cir. 1996);  *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982).

2  Plaintiff has not alleged that "management status" entails a denial of adequate food,

3  clothing, shelter, medical care, or any of "life's necessities."  As such, plaintiff has not stated a

4  colorable claim for relief against defendants Spearman, Mattingly, McCoy, Foreman or J.

5  Griffith and they will therefore be dismissed.

6  Additionally, plaintiff has not stated a colorable claim for relief against defendants

7  Danko or Mendenhall.  Plaintiff has named Danko as a defendant, but has not alleged a single

8  action taken by defendant Danko that could result in liability.  In fact, defendant Danko's name

9  is not mentioned anywhere in the complaint other than the area listing the defendants.  Defendant

10  Danko with therefore be dismissed.

11  Similarly, plaintiff alleges that defendant Mendenhall, "apparently by mistake . . .

12  delivered some of [plaintiff's] property to the AD-Seg unit, but Lieutenant Nelson intercepted

13  and would not allow officer Mendenhall to issue it to me."  First Amended Complaint at 22-23.

14  "A person 'subjects' another to the deprivation of a constitutional right, within the

15  meaning of 1983, if [that person] does an affirmative act, participates in another's affirmative

16  acts, or omits to perform an act which [that person] is legally required to do that causes the

17  deprivation of which complaint is made."  *Id*.  (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th

18  Cir.1978)).  There is no respondeat superior liability under § 1983, and a person can only be

19  subject to § 1983 liability for the acts of others "[i]n limited circumstances."  *Id*.  "[A] supervisor

20  is liable for the constitutional violations of subordinates, 'if the supervisor participated in or

21  directed the violations, or knew of the violations and failed to act to prevent them.'"  *Id*.

22  (quoting *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989)).

23  Plaintiff's first amended complaint does not allege that defendant Mendenhall

24  affirmatively acted, participated in the another's affirmative act or omitted to perform an act

25  which he is legally required to do.  Plaintiff merely alleges that defendant Mendenhall was

26  attempting to deliver plaintiff his property and was thwarted by defendant Nelson.  Additionally,

1    it appears defendant Mendenhall was not a supervisor in this instance and therefore cannot be

2    liable for the acts of others.  As such, defendant Mendenhall will be dismissed.

### III

4    As stated above, plaintiff may proceed against defendants Nelson, Griffith, Walton,

5    Catlin, Beltran, Rowe, Ayers, Grannis and Wright .  To proceed against anyone else plaintiff

6    must file a second amended complaint.  Any amended complaint must show that the federal

7    court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is

8    entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief.

9    Plaintiff must identify as a defendant only persons who personally participated in a substantial

10   way in depriving plaintiff of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743

11   (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an

12   act, participates in another's act or omits to perform an act he is legally required to do that causes

13   the alleged deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify

14   the participants and allege their agreement to deprive him of a specific federal constitutional

15   right.

16   In an amended complaint, the allegations must be set forth in numbered paragraphs.  FED.

17   R. CIV. P. 10(B).  Plaintiff may join multiple claims if they are all against a single defendant.

18   FED. R. CIV. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

19   occurrences, the claims must be set forth in separate paragraphs.  FED. R. CIV. P. 10(b).

20   The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d

21   1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

22   heightened pleading standard in cases other than those governed by Rule 9(b)."); FED. R. CIV. P.

23   84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

24   Plaintiff's claims must be set forth in short and plain terms, simply, concisely and

25   directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting

26   point of a simplified pleading system, which was adopted to focus litigation on the merits of a

claim."); FED. R. CIV. P. 8.

Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

A district court must construe pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give a plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

The court (and defendants) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to FED. R. CIV. P. 41 for violation of these instructions.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

Plaintiff is admonished that by signing an amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. FED. R. CIV. P. 11. Prison rules require plaintiff to obey all laws, including this one, and plaintiff may

be punished by prison authorities for violation of the court's rules and orders.  *See* 15 CAL. ADMIN. CODE § 3005.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth v. Churner*, 532 U.S. 731, 741 (2001).  Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his action.

**IV**

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's claims against defendants Spearman, Mattingly, McCoy, Foreman, J. Griffith, Mendenhall and Danko are dismissed for the reasons discussed above, with leave to file a second amended complaint within thirty-five (35) days from the date of this order.  Failure to file a second amended complaint will result in defendants Spearman, Mattingly, McCoy, Foreman, J. Griffith, Mendenhall and Danko being dismissed from this action.  Plaintiff would then proceed against defendants Nelson, Griffith, Walton, Catlin, Beltran, Rowe, Ayers, Grannis and Wright; and

2.  Upon filing a second amended complaint or expiration of the time allowed therefore, the court will make further orders for service of process upon some or all of the defendants.

/////

Dated: February 15, 2008

/s/ Arthur Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation