IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARYL K. HOWARD,

    Plaintiff,

vs.

M.E. SPEARMAN, et al.,

    Defendants.

Case No.1:06-cv-01829 ALA (P)

ORDER

_____/

Plaintiff Daryl Howard is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff also proceeds *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 13).

On January 5, 2009, Defendants Ayers, Beltran, Wright, Grannis, Nelson, Rowe, Catlin, and Walton (collectively, "Defendants") filed a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure on the grounds that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)a ("PLRA"). (Doc. 43). For the reasons discussed in greater detail below, Defendants' motion is granted. The action with respect to these Defendants is dismissed without prejudice.

I

In his Amended Complaint, filed on February 27, 2007, Plaintiff claims that his

constitutional rights were violated when he was repeatedly denied access to his legal files while he was placed in the A-4 Administrative Segregation Unit ("Ad-Seg"). Plaintiff claims that being denied access these files "prejudiced his efforts in obtaining federal judicial review of his convictions" – that is, his efforts for obtaining federal habeas relief. (Doc. 18 at 4.)

The Amended Complaint sets forth the ways in which Defendants allegedly denied Plaintiff access to his legal files and allegedly denied him his constitutional rights. These allegations are highlighted below.

In December 2005, Plaintiff, who was then housed at Los Angeles County State Prison ("CSP-LAC"), was placed in Ad-Seg. CSP-LAC staff placed his property, including his legal files, in Receiving & Release ("R&R"). In February 2006, CSP-LAC staff delivered Plaintiff's legal files to Ad-Seg. Sergeant Griffith, however, refused to allow Plaintiff to access these files.[1] Plaintiff submitted an administrative grievance with regard to Griffith's actions. (*See* Curiel Decl., Ex. B.) This appeal was later exhausted. (*See* Doc. 18, Ex. A.)

In February 2006, Plaintiff also attempted to contact Griffith's superior, Lieutenant Walton. Walton ignored Plaintiff's requests that he be given his legal property. (Doc. 18 at 12.)

In March 2006, library technician Catlin mistakenly informed Sergeant Griffith that Plaintiff no longer had an active court case and therefore was no longer entitled to his legal property. (Doc. 18 at 13.) In March, Griffith also responded to Plaintiff's first-level appeal (with respect to Plaintiff's claim against him) and denied it on the ground that Plaintiff did not have an active court case. (Doc. 18 at 13.)

In April 2006, Plaintiff contacted Lieutenant Beltran and asserted that he was entitled to his legal property, but his requests for assistance were ignored by Beltran. (Doc. 18 at 13-14.)

In June 2006, Plaintiff informed senior librarian Rowe that he was entitled to his legal

---

[1] Sergeant Griffith is a defendant in this action and has filed a separate motion to dismiss (Doc. 38). An order regarding Griffith's motion is issued concurrently herewith.

2

property; Rowe ignored his requests and informed him that his case was no longer active. (Doc. 18 at 15-17.)

In July 2006, Warden Ayers responded to Plaintiff's second-level appeal (with respect to Plaintiff's claim against Griffith) and denied it on the ground that Plaintiff did not have an active case. Plaintiff asserts that Ayers' response was based upon other defendants' mistaken information, and that Ayers was deliberately indifferent to Plaintiff's constitutional rights. (Doc. 18 at 17-18.)

In the meantime, in August 2006, Grannis, chief of inmate appeals, submitted a declaration in support of the Attorney General's answer to Plaintiff's state habeas petition. Plaintiff asserts that Grannis' declaration "was rife with falsehood." (Doc. 18 at 18.)

In October 2006, Plaintiff was transferred from CSP-LAC to Pleasant Valley State Prison ("PVSP"). In November 2006, the Inmate Appeals Branch responded to Plaintiff's director's level appeal with respect to Plaintiff's claim against Griffith. (Doc. 18 at 18; *id.*, Ex. A.) Appeals examiner Wright reviewed the appeal and Grannis wrote the response. Plaintiff alleges that Wright wrongfully concluded that Plaintiff did not have an active case. (Doc. 18 at 18.)

In December 2006, PVSP staff delivered Plaintiff's property to his Ad-Seg unit. (Doc. 18 at 22-23.) However, Lieutenant Nelson ordered that Plaintiff's property be send back to R&R. (Doc. 18 at 23.)

II

A

The Prison Litigation Reform Act provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is not jurisdictional. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 n.9 (9th Cir. 2003). "[T]he failure to exhaust nonjudicial

remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment." *Id.* at 1119; *see also Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368-69 (9th Cir. 1988) ("[F]ailure to exhaust nonjudicial remedies should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.").

"In deciding [such] a motion . . . the court may look beyond the pleadings and decide disputed issues of fact." *Wyatt*, 315 F.3d at 1120. "[I]f the district court looks beyond the pleadings to a factual issue in deciding the motion to dismiss for failure to exhaust - a procedure closely analogous to summary judgment - then the court must assure that [the plaintiff] has fair notice of his opportunity to develop a record." *Id.* at 1120 n.14.

Here, Defendants filed their motion to dismiss on January 5, 2009. (Doc. 43.) This court ordered Plaintiff to file a response by February 3, 2009. (Doc. 48.) Plaintiff did not file a response, but instead requested an extension of time to file his opposition brief. (Doc. 51.) This court granted Plaintiff's request and ordered Plaintiff to file a response by March 6, 2009. (Doc. 52.) This court also cautioned Plaintiff "that no further requests for extensions of time will be considered." (*Id.*) To date, Plaintiff has failed to file an opposition, which this court construes as a waiver. *See* L.R. 78-230(m).[2] Plaintiff has been given "fair notice of his opportunity to develop a record[,]" but has failed to do so. *Wyatt*, 315 F.3d at 1120 n.14.

As set forth below, the action is dismissed without prejudice as to these Defendants because Plaintiff has not presented any evidence to dispute Defendants' evidence that he failed to exhaust his administrative remedies as required by the PLRA.

B

To exhaust administrative remedies, an inmate "must complete the administrative review

---

[2]Pursuant to Local Rule 78-230(m), the "[f]ailure of the responding party to file [an] opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ."

4

process in accordance with the applicable procedural rules[.]" *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal quotation marks and citation omitted). The applicable procedural rules are "defined not by the PLRA, but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to properly exhaust." *Id.* (internal quotation marks omitted).

The State of California allows inmates to appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." 15 Cal. Code Regs. § 3084.1(a) (2007). The appeals process involves four levels: (1) an "informal level" where the inmate and staff attempt to resolve the grievance informally; (2) a first formal level; (3) a second formal level for appeals denied at the first level; and (4) a third formal level (or, the "director's level decision") for appeals not resolved at the lower levels. *Id.* § 3084.5. "The decisions of the Departmental Review Board which serve as the director's level decision are not appealable and conclude the inmate's . . . departmental administrative remedy[.]" *Id.* § 3084.1(a). Accordingly, to exhaust administrative remedies, an inmate must complete all of the above levels of review. *See Campbell v. Chaves*, 402 F. Supp. 2d 1101, 1105 (D. Ariz. 2005) ("[e]xhaustion means that in order to bring suit a prisoner has to make use of whatever grievances procedures are available") (internal quotation marks omitted); *see also Porter v. Nussle*, 534 U.S. 516, 524 (2002) (Under PLRA, "[a]ll available remedies must now be exhausted") (internal quotation marks omitted). Furthermore, an inmate "must submit the appeal within 15 working days of the event or decision being appealed, or of receiving an unacceptable lower level appeal decision." 15 Cal. Code Regs. § 3084.6(c).

Plaintiff's claims against each of the Defendants are reviewed below to address the question of whether he exhausted his administrative remedies.

C

Defendants present uncontradicted evidence that Plaintiff failed to exhaust his

administrative remedies as to his claims against each of them. In his Amended Complaint, Plaintiff alleges that he exhausted the administrative process by submitting six separate appeals. (Doc. 18 at 5.) Plaintiff claims that: (1) one appeal was granted at the "informal and first level"; (2) one appeal was exhausted at the director's level; (3) two were wrongfully screened out; and (4) two were lost or never returned. (*Id*.) None of these appeals, however, were exhausted with respect to the Defendants.

As to the appeal that as resolved at the "informal and first level," Defendants present uncontradicted evidence that this appeal related to Plaintiff's request for "meaningful access to the law library." (Curiel Decl., Ex. A.) This appeal did not relate to Plaintiff's purported non-receipt of his legal property in Ad-Seg, nor did it deal with any of the Defendants.

As to the appeal that was exhausted at the director's level of review, Defendants present uncontradicted evidence that this appeal related to Plaintiff's request for his legal property in Ad-Seg, and that this appeal dealt only with Sergeant Griffith. (Curiel Decl., Ex. B; *see also* Am. Compl., Ex. A.) The appeal only describes the alleged actions by the "Administration-Segregation Sergeant" (Griffith), and does not refer to any alleged wrongdoing by the Defendants. For example, Plaintiff does not claim that the Defendants were involved in the decision to place his legal property in R&R. This appeal, moreover, could not have implicated any of the Defendants, as the grievance was submitted in February 2006 and, by Plaintiff's own timeline, before any of Defendants' alleged wrongdoing occurred.[3] Accordingly, although this claim was exhausted, it did not implicate Defendants.

As to the four appeals that Plaintiff alleges were wrongfully screened out, lost, or never returned, by Plaintiff's implicit admission, these appeals could not have been exhausted even if

---

[3]As described above, Plaintiff alleges that Catlin, Beltran, Ayers, Rowe, Grannis, Wright, and Nelson all committed wrongful acts between March and December 2006. Although Plaintiff alleges that Walton committed wrongful acts in February 2006, there is nothing in the substance of this appeal that refers to or implicates Walton. (*See* Curiel Decl., Ex. B.)

they did relate to the Defendants because these appeals did not complete the required levels of review. *See Campbell*, 402 F. Supp. 2d at 1105 ("[e]xhaustion means that in order to bring suit a prisoner has to make use of whatever grievances procedures are available"); *see also Porter*, 534 U.S. at 524 (Under PLRA, "[a]ll available remedies must now be exhausted"). Moreover, to the extent Plaintiff attempts to argue that these appeals were improperly screened out, this argument also fails. *See Porter*, 534 U.S. at 524 ("All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective.") (internal quotation marks omitted).[4]

III

Therefore, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss for failure to exhaust administrative remedies (Doc. 43) is GRANTED; and

2. The case, with respect to the Defendants, is DISMISSED without prejudice.

/////

DATED: March 18, 2009

                                                /s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

---

[4] Furthermore, Defendants have presented uncontradicted evidence that these appeals do not implicate Lieutenant Nelson, as Plaintiff did not submit any other appeals that PVSP accepted for review. (Herrera Decl. ¶ 3.)