IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARYL K. HOWARD,

    Plaintiff,

vs.

M.E. SPEARMAN, et al.,

    Defendants.

Case No.1:06-cv-01829 ALA (P)

ORDER

_____/

    Plaintiff Daryl Howard is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff also proceeds *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 13).

    On January 5, 2009, Defendant Lieutenant Griffith ("Griffith") filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiff fails to state a claim upon which relief can be granted (Doc. 38). For the reasons discussed in greater detail below, Griffith's motion is granted without leave to amend.

I

    Rule 12(b)(6) allows a party to bring a motion to dismiss for a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint cannot be dismissed pursuant to Rule 12(b)(6) unless it appears beyond doubt that the facts that the plaintiff has

alleged will not entitle him to relief on the theory he asserts. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1968-69 (2007). The court must accept all factual allegations pleaded in the complaint as true; it then construes those facts, and draws all reasonable inferences, "in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). When considering a Rule 12(b)(6) motion, the court is generally limited to construing the four corners of the complaint. *See, e.g., AlliedSignal, Inc. v. City of Phoenix*, 182 F.3d 692, 695 (9th Cir. 1999). However, a court may consider material which is properly submitted as part of the complaint, and may take judicial notice of matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

Furthermore, a court need not permit a plaintiff to amend a complaint if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

II

A

In his Amended Complaint, Plaintiff claims that his constitutional rights were violated when he was repeatedly denied access to his legal files while he was placed in the A-4 Administrative Segregation Unit ("Ad-Seg") of Los Angeles County State Prison ("CSP-LAC"). Plaintiff claims that being denied access to these files "prejudiced his efforts in obtaining federal judicial review of his convictions[.]" (Doc. 18 at 4.) Plaintiff alleges that Griffith "knew inmates were allowed to possess their legal property in Ad-Seg" but that he "intentionally instituted a false interpretation of the rules and regulations of the Department of Corrections" to deprive Plaintiff access to these materials. (Doc. 18 at 11.)

Griffith moves to dismiss the action pursuant to Rule 12(b)(6) on two grounds: (1) Plaintiff's claim for injunctive relief is moot because he is no longer housed at CSP-LAC; and (2) Plaintiff's § 1983 claims fail because Griffith did not cause Plaintiff's alleged inability to obtain federal judicial review of his state court conviction, namely because the deadline to file

his application expired before Griffith's alleged wrongdoing even occurred. For the reasons discussed in greater detail below, the court agrees and grants Griffith's motion.

B

With regard to Plaintiff's request for injunctive relief, it is well-settled that when an inmate is removed from the prison where he has been incarcerated, an action for injunctive relief challenging the conditions of his confinement at that prison become moot. *E.g.*, *Nelson v. Heiss*, 271 F.3d 891, 897 (9th Cir. 2001) ("when a prisoner is moved from a prison, his action will usually become moot as to conditions at that particular facility"); *Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir. 1986) (same). Here, Plaintiff's claims against Griffith arose from when Plaintiff was incarcerated at CSP-LAC. However, the Amended Complaint alleges that Plaintiff is no longer housed at CSP-LAC and has since been transferred to Pleasant Valley State Prison. (Doc. 18 at 19.) Accordingly, Plaintiff's request for injunctive relief against Griffith – that is, that he be ordered to "restor[e] Plaintiff's access to his legal files pertaining to his court matters" – has been rendered moot.

C

Moreover, Plaintiff cannot allege § 1983 claims against Griffith because Griffith did not cause his alleged inability to obtain federal review of his state court conviction. With regard to § 1983 claims, the Ninth Circuit provides as follows:

> A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which the plaintiff complains. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.

*Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (internal quotation marks and citations omitted and emphasis in original).

Here, Plaintiff alleges that: (1) Griffith "intentionally instituted a false interpretation of the rules and regulations of the Department of Corrections" to improperly withhold legal

materials from Plaintiff; and (2) such deprivation caused Plaintiff harm – namely, that he was unable to seek federal judicial review of his state court conviction in a timely manner. (Doc. 18 at 11.) Plaintiff's § 1983 claims fail as a matter of law. Even if what Plaintiff alleges is true (that Griffith intentionally deprived him of his legal property), by Plaintiff's own account, such wrongful acts occurred in February 2006, well after the September 2005 deadline for Plaintiff to seek federal judicial review of his state court conviction.

An inmate in custody pursuant to a state court judgment may apply to a federal district court for a writ of habeas corpus. *See* 28 U.S.C. § 2254(d). The inmate must seek federal habeas relief within one year after direct review concludes or the time for seeking such review expires. 28 U.S.C. § 2244(d)(1)(A). The period of "direct review" includes the ninety-day period during which an inmate may file a writ of certiorari with the United States Supreme Court, whether or not the inmate actually files such a petition. *Summers v. Schriro*, 481 F.3d 710, 717 (9th Cir. 2007). The one-year statute of limitations is tolled during the period "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2). When a state court concludes that a habeas petition is untimely, it is not properly filed for purposes of § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's [state] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).").

According to the Amended Complaint, the California Supreme Court denied Plaintiff's petition for direct review on June 9, 2004. (Doc. 18 at 10.) The direct review period concluded on September 7, 2004, when the ninety-day period for seeking review in the United States Supreme Court expired. Accordingly, Plaintiff had until September 7, 2005 to submit his application for federal habeas relief.[1] Plaintiff did not submit an application for federal habeas

---

[1]In his Amended Complaint, Plaintiff acknowledges that the "1-year statute of limitations began to run September 7, 2004, which meant that Plaintiff had until September 7, 2005, to

4

relief by September 7, 2005. Accordingly, any action allegedly taken by Griffith in February 2006 has no bearing on Plaintiff's ability to seek federal judicial review of his state court conviction. *See Leer*, 844 F.2d at 633 (plaintiff must allege how defendant's acts or omissions *caused* § 1983 violation).[2] For these reasons, Plaintiff's § 1983 claims against Griffith fail as a matter of law. Moreover, this court will not permit Plaintiff leave to amend because Plaintiff cannot allege any set of facts that would support his claims against Griffith. *See Cook Perkiss and Liehe, Inc.*, 911 F.2d at 247 (court need not grant plaintiff leave to amend a complaint if "it determines that the pleading could not possibly be cured by the allegation of other facts.").

III

Therefore, IT IS HEREBY ORDERED that:

1. Griffith's motion to dismiss for failure to state a claim (Doc. 38) is GRANTED;

2. The case, with respect to Griffith, is DISMISSED without leave to amend; and

3. The Clerk is DIRECTED to enter judgment and close the case.

/////

DATED: March 18, 2009

                                            /s/ Arthur L. Alarcón
                                            UNITED STATES CIRCUIT JUDGE
                                            Sitting by Designation

---

obtain federal judicial review . . . ." (Doc. 18 at 10.)

[2] In his Amended Complaint, Plaintiff alleges that he properly filed a state habeas petition with the Alameda County Superior Court and is therefore entitled to toll the one-year limitations period under § 2244(d)(2). (Doc. 18 at 10-11.) Plaintiff is incorrect. The Alameda County Superior Court denied Plaintiff's habeas petition under California law. (*See* Def.'s Request for Judicial Notice, Ex. A (superior court order denying Plaintiff's state habeas petition as untimely and citing *In re Robbins*, 18 Cal. 4th 770 (1998)).) Accordingly, the state habeas petition was not properly filed and it did not toll the one-year limitations period. *See Pace*, 544 U.S. at 414 ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).") (internal quotation marks and alterations omitted).

5